UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

CARLTON BROWN,

Defendant.

**MEMORANDUM & ORDER**
**20-CR-460 (NGG)**
**24-CV-5185 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Carlton Brown brings this *pro se* Motion[1] for a writ of habeas corpus to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* Motion to Vacate ("Mot.") (Dkt. 31).)[2] Brown argues that he is entitled to relief because his counsel rendered ineffective assistance by failing to argue that completed Hobbs Act Robbery is not a crime of violence, and because he is actually innocent of his conviction under 18 U.S.C. § 924(c). (*See generally id.*) The Government opposes Brown's Motion. (*See* Memorandum in Opposition ("Gov't Opp.") (Dkt. 32).) For the reasons that follow, Brown's Motion is DENIED.

## I. BACKGROUND

On October 16, 2020, a grand jury returned a thirteen-count indictment charging Brown with offenses related to his engagement in five armed robberies and one attempted robbery of bodegas in Brooklyn, New York. (Indictment (Dkt. 5) at 1-6.)

---

[1] Courts "generally refer to a habeas request under § 2255 as a 'motion,' [and] a habeas request under § 2254 as a 'petition.'" *Johnson v. United States*, 623 F.3d 41, 43 n.2 (2d Cir. 2010). Although Section 2255 requests are commonly referred to as either a "motion" or a "petition," the court will refer to Brown's habeas request as a motion.

[2] Docket references are to filings on Brown's criminal docket, No. 20-CR-460, rather than the civil docket for his habeas motion, No. 24-CV-5185.

On July 30, 2021, Brown pleaded guilty pursuant to a plea agreement to Count Eleven, completed Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), and Count Twelve, possessing and brandishing a firearm during a crime of violence (Count Eleven), in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (*See* Plea Agreement (Dkt. 32-1); Plea Transcript (Dkt. 32-2).) As part of the plea agreement, Brown agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 135 months or below." (Plea Agreement ¶ 4). The court subsequently sentenced Brown to 96 months' imprisonment, consisting of 12 months on Count Eleven and 84 months consecutive on Count Twelve. (Min. Entry Dated 3/11/2022; Judgment (Dkt. 25).) The court's judgment issued on September 6, 2022. (*See* Judgment.) Because Brown did not file a direct appeal, the judgment became final 14 days later, on September 20, 2022, "the date on which his time to file a direct appeal expired." *Moshier v. United States*, 402 F.3d 116, 119 (2d Cir. 2005).[3]

On July 25, 2024, Brown filed the instant *pro se* Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* Mot.) In Brown's Motion, he argues that his trial counsel rendered ineffective assistance by failing to argue that substantive Hobbs Act Robbery is not a crime of violence, and that he is actually innocent of his Section 924(c) conviction. (*Id.* at 2.) The Government submitted its opposition on August 28, 2024. (Gov't Opp. at 3-9.) Brown did not submit a reply.

---

[3] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

2

## II. LEGAL STANDARD

Section 2255 allows individuals in federal custody to move to vacate, set aside, or correct sentences that are imposed in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Individuals seeking habeas relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). To qualify for relief under Section 2255, the defendant must show "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000). Section 2255 imposes a one-year statute of limitations, which runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f).

A 2255 motion "cannot be used to relitigate questions which were raised and considered on direct appeal," or which could have been, but were not, raised on direct appeal. *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009); *United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."). An exception applies, though, "if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Thorn*, 659 F.3d at 231. "One claim that may appropriately be raised for the first time in a § 2255 motion, whether or not the [defendant] could have raised the claim on direct appeal, is ineffective assistance of counsel." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012).

To prevail on a claim of ineffective assistance of counsel, the defendant must prove that (1) the representation "fell below an objective standard of reasonableness under prevailing professional norms," and (2) the deficient performance prejudiced the

defendant. *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir. 2005) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). As to the first prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, and "counsel must have wide latitude in making tactical decisions," *Henry*, 409 F.3d at 63. As to the second prong, a defendant is prejudiced when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## III. DISCUSSION

Brown argues that his trial counsel, Benjamin Yaster, rendered ineffective assistance because he failed to "argue, challenge, raise and preserve at Brown's sentencing hearing and on direct appeal that Hobbs Act Robbery is not a crime of violence under Section 924(c)." (Mot. at 2.) Brown additionally argues that he is "actually innocent of the Section 924(c) charge," Count Twelve. (*Id.* at 3.) Thus, Brown requests that the court vacate his conviction and sentence on Count Twelve and order his immediate release. (*Id.* at 4-5.)

The Government opposes Brown's Motion, arguing that (1) Brown's Motion is untimely, (2) Brown waived his right to seek habeas relief, (3) Brown's Motion is otherwise procedurally barred because he did not raise this issue in a direct appeal, (4) Hobbs Act Robbery is categorically a crime of violence, and, as a result, (5) his ineffective assistance of counsel claim fails. (Gov't Opp. at 3-9.)

For the reasons that follow, the court concludes that even if Brown's Motion were timely and not barred by his appellate waiver, it fails on the merits.

### A. Brown's Motion is Untimely

As noted above, Section 2255 imposes a one-year statute of limitations that runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When an incarcerated person proceeds *pro se*, "the filing date is governed by the 'prisoner mailbox rule,' which provides that the effective filing date is the day upon which the [person] delivers the [motion] to prison officials for mailing." *Mingo v. United States*, 360 F. Supp. 2d 591, 593 (S.D.N.Y. 2005) (citing *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2007)). Importantly, the one-year period "is a statute of limitations rather than a jurisdictional bar[, such that] the courts may equitably toll the period." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001). To equitably toll the one-year limitations period, the defendant must show "that extraordinary circumstances prevented him from filing his [motion] on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Id.*

Brown's judgment of conviction became final on September 20, 2022, 14 days after the issuance of the court's Judgment on September 6, 2022. Brown signed his Motion on March 11, 2024, and filed it with the court on July 25, 2024. (*See* Mot. at 6.) Brown's Motion is therefore untimely by nearly six months. Nevertheless, Brown asks the court to excuse his lateness "because of the continuous lockdowns" at his prison. (Mot. at 4.) Ultimately, the court need not decide whether to equitably toll the statute of limitations, because even if Brown's Motion were timely, it is without merit.

### B. Brown's Motion is Likely Barred by his Appellate Waiver

The Government contends that Brown waived his right to collaterally attack his plea or sentence under Section 2255. (Gov't Opp. at 4-5.) Brown does not address his appellate waiver; however,

5

he argues that he is "actually innocent of the Section 924(c) charge." (Mot. at 3.)

A waiver of the right to collaterally attack a conviction is presumptively enforceable. *See United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017). The Second Circuit has recognized five circumstances where it will not enforce a waiver: "(1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; (4) where the district court failed to enunciate any rationale for the defendant's sentence; and (5) where the waiver was unsupported by consideration." *Cook v. United States*, 84 F.4th 118, 122 (2d Cir. 2023) ("*Cook I*") (cleaned up). However, there is a lack of clarity in the Second Circuit as to whether a collateral attack waiver is enforceable when intervening precedent establishes that the predicate crime underlying a 924(c) conviction is not—and never was—a crime of a violence. *See Cook I*, 84 F.4th at 125 n.4; *see generally Cook v. United States*, 111 F.4th 237 (2d Cir. 2024) (mem.) ("*Cook II*") (concurring and dissenting opinions from the denial of rehearing en banc of *Cook I*, in which the Judges of the Second Circuit disagree as to the proper interpretation of that case).

In any event, the issues raised in *Cook I* and *Cook II* are not implicated in this case. As explored below, settled precedent establishes that completed Hobbs Act Robbery *is* a crime of violence. While Brown's appellate waiver is likely enforceable and this Order need not go further, the court nevertheless turns to the merits of his argument.

## C. Brown's Motion is Without Merit

Brown argues that trial counsel rendered ineffective assistance by failing to "argue, challenge, raise and preserve at Brown's sentencing hearing and on direct appeal that Hobbs Act Robbery is

not a crime of violence under Section 924(c)." (Mot. at 2.) Brown additionally argues that he is "actually innocent of the Section 924(c) charge," Count Twelve. (*Id.* at 3.) The Government argues that completed Hobbs Act Robbery is a crime a violence and, as such, trial counsel was not ineffective for failing to raise a meritless argument. (Gov't Opp. at 7-9.)

In *United States v. Davis*, the Supreme Court held that Section 924(c)'s residual clause is unconstitutionally vague, "implicitly requiring the government to prove that a defendant's conduct satisfied the statute's elements clause." *Cook I*, 84 F.4th at 121 (citing *United States v. Davis*, 588 U.S. 445, 469-70 (2019)). In the wake of *Davis*, courts have held that conspiracy to commit Hobbs Act Robbery and attempted Hobbs Act Robbery are not "crimes of violence" within the meaning of Section 924(c). *See United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019) (holding that conspiracy to commit Hobbs Act Robbery is not a crime of violence); *United States v. Taylor*, 596 U.S. 845, 853-59 (2022) (holding that attempted Hobbs Act Robbery is not a crime of violence). However, binding Second Circuit precedent establishes that *completed* Hobbs Act Robbery *is* a crime of violence. *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018) (holding that completed Hobbs Act Robbery is a crime of violence); *United States v. McCoy*, 995 F.3d 32, 54 (2d Cir. 2021) ("*McCoy I*") ("*Hill*'s conclusion that Hobbs Act robbery is a crime of violence within the meaning of § 924(c)(3)(A) was not eroded by the Supreme Court's subsequent ruling in *Davis* that the alternative crime-of-violence definition in § 924(c)(3)(B) was unconstitutionally vague."); *United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023) ("*McCoy II*") ("[W]e see nothing in *Taylor*'s language or reasoning that undermines this Court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence.").

The court concludes that Brown's claims—both his actual inno-
cence claim and his ineffective assistance of counsel claim—fail.
Brown is not actually innocent of the Section 924(c) charge be-
cause the predicate offense—completed Hobbs Act Robbery—is
categorically a crime of violence. *McCoy II*, 58 F.4th at 74. Thus,
his conviction under Count Twelve is valid. And trial counsel was
not ineffective for failing to raise an argument clearly foreclosed
by Second Circuit precedent. *See Hill*, 890 F.3d at 60; *McCoy I*,
995 F.3d at 54; *see also Clanton v. United States*, 284 F.3d 420,
424 ("[Defendant's] counsel did not perform ineffectively by de-
clining to pursue an [argument] that was foreclosed by the
settled law of this Circuit."). Thus, even if Brown's Motion were
timely and not barred by his appellate waiver, his arguments fail
on the merits.

## IV. CONCLUSION

For the foregoing reasons, Brown's Motion is DENIED. Because
Brown has not made a substantial showing of the violation of a
constitutional right, no certificate of appealability shall issue. The
Clerk of Court is respectfully directed to enter judgment and
close this case and the related civil case, No. 24-CV-5185, and to
mail a copy of this Memorandum and Order to Brown at his last
known address.

SO ORDERED.


Dated:    Brooklyn, New York
          February 4, 2025

                                   s/Nicholas G. Garaufis
                                   _____
                                   NICHOLAS G. GARAUFIS
                                   United States District Judge